UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 5998 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| INNOVATIVE DENTAL GROUP, LLC II, | ) |
| AJAYPAL SINGH, DIMPLE M. TEJANI, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff PNC Bank, National Association ("PNC") brings this action for breach of contract against Innovated Dental Group, LLC II ("IDG") and for breach of a guaranty against Ajaypal Singh and Dimple M. Tejani. PNC alleges that IDG defaulted on its loan and seeks to recover the outstanding principal, interest, and late charges due on the loan as of October 25, 2016, totaling $464,970.40, plus additional interest accruing on a per diem basis until the date of judgment. PNC moves for summary judgment [32] on its claims. PNC also filed a motion for attorneys' fees [34] seeking to recover attorneys' fees of $37,534.00 and costs of $4,444.77. Because PNC establishes that it is entitled to summary judgment on all of its claims, without a response from Defendants, the Court grants PNC's motion. Because the supporting affidavit for PNC's fee motion did not include sufficient information for the Court to make a determination on the appropriateness of the fees but did include adequate detail as to costs, the Court denies the request for attorneys' fees without prejudice but grants the request for litigation costs.

# BACKGROUND[1]

PNC is a bank that, in August 2010, loaned IDG, a dental practice, $875,000 pursuant to a promissory note (the "Note"). As security for the Note, IDG executed a commercial security agreement in favor of PNC granting PNC a security interest in its accounts receivable, deposit accounts, inventory, equipment, and other personal property. At the time PNC made the loan, Singh and Tejani each executed a commercial guaranty in favor of PNC, guaranteeing payment of the Note and agreeing to pay all expenses incurred in enforcing the guaranties, including attorneys' fees and cost. Subsequently, PNC and IDG agreed to amend the Note on two separate occasions, August 19, 2013 (the "First Modification") and October 30, 2015 (the "Second Modification"). Pursuant to the Second Modification, the loan matured on August 31, 2016, and, beginning November 23, 2015, IDG was obligated to make monthly principal and interest payments, monthly payments of $1,000 for past due attorneys' fees and costs, and a one-time $40,000 principal reduction payment on March 1, 2016.

On December 23, 2015, IDG attempted to make its required principal and interest payment, but insufficient funds in their account resulted in a rejected payment. Therefore, on January 13, 2016, PNC notified IDG that under the terms of the Second Modification, the failure to pay was a default. On March 7, 2016, PNC served IDG with a second notice of default. This notice of default was based on IDG's failure to make its required principal and interest payments and as well as a third-party's foreclosure complaint on real estate in which IDG had granted PNC a security interest pursuant to the Second Modification.

---

[1] The facts in this section are taken from the joint statement of undisputed material facts. Doc.31. Although Defendants did not respond to PNC's motion, they did participate in the Court's process for presenting facts relevant to summary judgment. All facts are taken in the light most favorable to the Defendants as the non-movants.

The loan matured on August 31, 2016, and, to date, IDG, Singh, and Tejani have not paid off the loan. Under the terms of Singh's and Tejani's commercial guaranties, failure to pay all amounts due to PNC under the loan is an event of default.

As of September 27, 2016, the outstanding principal on the loan was $441,904.50, the outstanding interest was $19,721.14, and $1,090.48 in late fees had accrued, for a total outstanding debt of $462,716.12. Additionally, since that date, the loan accrues $80.51 in daily interest.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits, if any, that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where a party does not respond to a motion for summary judgment, their failure to do so does not automatically entitle the moving party to judgment on its claims, as the Court must still ensure that the moving party is entitled to judgment as a matter of law. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

## ANALYSIS

**I.  Breach of Contract Against IDG**

PNC moves for summary judgment on its breach of contract claim against IDG for failure to repay the Note. To succeed on a breach of contract claim in Illinois, a plaintiff must establish "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Benefit Servs, Inc. v. Caremark Rx, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (citations omitted). The elements of PNC's breach of contract claim against IDG are undisputed. IDG entered into a valid enforceable debt contract in August 2010, pursuant to which PNC loaned IDG $875,000. By mutual agreement they subsequently modified the agreement twice. Pursuant to the Second Modification, the loan matured on August 31, 2016 and beginning November 23, 2015, IDG was obligated to make monthly principal and interest payments, make monthly payments of $1,000 for past due attorneys' fees and costs, and make a one-time $40,000 principal reduction payment on March 1, 2016. IDG failed to make its required monthly payment in December 2015. IDG also failed to make the one-time $40,000 principal payment in March 2016. The failure to make these payments constitutes a breach under the terms of the Second Modification and the Note. As a result of IDG's breach, PNC is to collect all amounts owed under the Note. PNC notified IDG of the breach and requested payment. To date, IDG had not paid the balance of the loan and the outstanding balance of the loan remains at $441,904.50 plus interest and fees. Because IDG

has not responded to the motion for summary judgement and PNC has established all of the requisite elements to collect on the Note, the Court grants PNC's motion for summary judgement on the breach of contract claim against IDG.

## II. Breach of Guaranties

At the same time IDG entered in to the loan agreement with PNC, Tijani and Singh personally guaranteed, in writing, all of IDG's obligations under the Note. As discussed above, PNC has fully performed under the agreement, and IDG has failed to pay down the balance of the loan, interest, and fees. Therefore Tijani and Singh each are liable under their guaranty for the full amount owed by IDG to PNC. The Court therefore grants PNC's motion for summary judgment on its claims against Tijani and Singh.

## III. Attorneys' Fees and Litigation Costs

Under the loan agreement and its modifications, PNC is entitled to recover its attorneys' fees and costs associated with enforcing the Note. PNC seeks these fees and costs, and although it is entitled to judgement, it has not adequately detailed the legal services it performed in this matter to enable the Court to make a determination on the appropriateness of the fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

PNC requests $37,534.00 in attorneys' fees, but the only support offered for this figure is the hourly billing rates of several attorneys and paralegals of PNC's attorneys. Using the $170 hourly billing rate for the attorneys and the $90 hourly billing rate for the paralegals, it appears PNC requests compensation for over 200 hours of legal work. This case was exceedingly

straightforward and involved only the filing of a complaint, review of Defendants answer, drafting of an initial status report, drafting of motions for default, drafting of a motion for summary judgment, and attendance at three status hearings. Additionally, there appears to have been little, if any, discovery conducted in this matter. The Court questions the necessity of over 200 hours of legal work to accomplish these tasks, but the Court defers ruling until PNC adequately supplements the limited documentation presently before the Court. Therefore the request for attorneys' fees is denied without prejudice to refile a detailed request.

PNC also requests $4,444.77 in other litigations costs. In the motion for fees and costs, PNC presents sufficient detail for the Court to determine that all of the costs are reasonable and related to this matter. Therefore, the Court grants the request for costs.

## CONCLUSION

For the foregoing reasons, the Court grants PNC's motion for summary judgment and orders IDG, Tijani, and Singh to pay PNC the full amount outstanding on the Note as of September 26, 2016, $462,716.12, plus the daily interest of $80.51 that has accrued since that date until the date of the date of judgment. Additionally, the Court grants in part and denies in part PNC's motion for attorneys' fees and litigation costs ordering IDG, Tijani, and Singh to pay PNC $4,444.77 for PNC litigation costs and denying without prejudice PNC's motion for attorneys' fees.

Dated: March 13, 2017

SARA L. ELLIS
United States District Judge